IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KENNETH W. MEDENBACH,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

No. 1:14-cv-641-PA

**ORDER**

---

**PANNER, J.**

    Pro se plaintiff Kenneth W. Medenbach brings this action against the United States of America. Plaintiff applies to proceed *in forma pauperis*.

    I dismiss this action for lack of subject matter jurisdiction. I deny the application to proceed *in forma pauperis* as moot.

**I. Plaintiff's Claim**

    In his complaint, plaintiff brings one claim:

1 - ORDER

> Federal justices and judges take an oath or affirmation to faithfully and impartially discharge and perform all duties incumbent upon them "under the constitution." The U.S. Constitution requires all federal justices and judges to be bound by oath or affirmation, to "support the constitution."
> The U.S. Constitution states only laws made "pursuant to the constitution" are the supreme law of the land. As an American Citizen, I am being deprived of the power of "understanding agreeably" to the constitution and laws of the United States. Marbury v. Madison, 5 U.S. 137 (1 Cranch 137) [1803].

Compl. at 3. Plaintiff asserts federal question jurisdiction based on 28 U.S.C. § 453, which provides the wording of the oath taken by federal justices and judges before taking office.

For relief, plaintiff seeks:

> I demand all federal justices and judges immediately cease and desist from taking the constitutionally deficient oath . . . so "We the People" can constitutionally take our power to "understanding agreeably" to the constitution and laws of the United States through jury nullification.

Compl. at 5.

## II. Plaintiff Lacks Standing

Under Article III of the United States Constitution, federal courts have jurisdiction over an action only if the party bringing the action has standing. See Braunstein v. Arizona Dep't of Transp., 683 F.3d 1177, 1184 (9th Cir. 2012). To show standing, the party bringing the action must have "suffered an injury in fact, traceable to the challenged action, and likely to be redressed by a favorable decision." Snake River Farmers' Ass'n, Inc. v. Dep't of Labor, 9 F.3d 792, 795 (9th Cir. 1993).

2 - ORDER

The party asserting federal jurisdiction has the burden of proving standing. Id.

Plaintiff does not allege that he personally suffered an injury caused by the allegedly defective oath taken by federal justices and judges. He cannot show standing based only on his status as a United States citizen or taxpayer. See Gutierrez v. Pangelinan, 276 F.3d 539, 544 (9th Cir. 2002). Nor does plaintiff have standing to bring a claim on behalf of others allegedly harmed by the defective oath because he cannot base his claim on the legal rights or interests of third parties. See Voigt v. Savell, 70 F.3d 1552, 1564 (9th Cir. 1995).

I see no possibility that plaintiff could amend his complaint to show standing. I dismiss this action without prejudice for lack of subject matter jurisdiction.

### III. Plaintiff's Claim Has No Merit

Alternatively, even if plaintiff could show standing, this court would lack subject matter jurisdiction because his claim is "'wholly insubstantial and frivolous,'" with no basis in law or fact. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012) (quoting Bell v. Hood, 327 U.S. 678, 682-83) (1946)).

Seventeen years ago, the Ninth Circuit rejected the same argument made by this plaintiff in his appeal from a misdemeanor conviction for unlawful use of national forest land. United

3 - ORDER

States v. Medenbach, 116 F.3d 487, 1997 WL 306437 (9th Cir. 1997)

(unpublished opinion). The Ninth Circuit explained:

> Medenbach argues that the district court judge who presided over Medenbach's bench trial lacked judicial authority because he did not swear to "support" the Constitution, only to perform his duties "under" the Constitution. The Constitution does not require that a judge swear verbatim to "support" the Constitution. Thus, we reject Medenbach's claim that the district court judge's oath of office was deficient.

Id. at *3. Plaintiff's claim is wholly insubstantial because the slight difference in wording between the Constitution and the statute providing the oath of office has no legal significance.

## CONCLUSION

This action is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's application to proceed in forma pauperis (#1) is denied as moot.

IT IS SO ORDERED.

DATED this 22 day of April, 2014.

OWEN M. PANNER
U.S. DISTRICT JUDGE

4   - ORDER